ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| CAROL ELIZABETH VIVONI BEATY<br><br>Recurrida<br><br>V.<br><br>ANNETTE CHRISTINE VIVONI BEATY, Et Als.<br><br>Peticionarios | KLCE202401279 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm. SJ2022CV05839<br><br>Sobre: Sucesiones; Solicitud de Remedios Provisionales en Aseguramiento de Sentencia |

Panel integrado por su presidente el Juez Rivera Colón, el Juez Ronda Del Toro y la Jueza Díaz Rivera

**Ronda Del Toro, Juez Ponente**

# RESOLUCIÓN

En San Juan, Puerto Rico, a 17 de enero de 2025.

El día 25 de noviembre de 2024, la parte peticionaria, Annette Vivoni Beaty presentó un "*Certiorari Civil en Auxilio de Jurisdicción*".

De entrada, declaramos *No Ha Lugar*, mediante *Resolución* emitida el 5 de diciembre de 2024, la Solicitud de Auxilio de Jurisdicción presentada por la peticionaria en su recurso. Habiendo comparecido todas las partes y perfeccionado el recurso, resolveremos el mismo.

Se nos solicita que revisemos una *Resolución* emitida y notificada por el Tribunal de Primera Instancia, Sala Superior de San Juan, el 14 de noviembre de 2024. Mediante dicha *Resolución*, se ordenó el emplazamiento por edicto de todos los herederos desconocidos del finado William P. Burch.

Número Identificador

RES2025 _____

Por los fundamentos que exponemos a continuación, *denegamos* la expedición del recurso ante nuestra consideración.

## I.

El 5 de noviembre de 2021, falleció el señor Pedro Vivoni Alcaraz (en adelante, causante) y dejó un testamento abierto. En este, se instituyó como únicos y legítimos herederos a sus cuatro hijos.

Posteriormente, el 30 de junio de 2022, una de las hijas del causante, Carol Vivoni Beaty (en adelante, Recurrida), presentó la *Demanda* de epígrafe en contra de la señora Mary Beaty Benzenhoefer, y sus hermanos Annette, María y Pedro Vivoni Beaty. No obstante, el 22 de agosto de 2022, falleció la codemandada Mary Beaty Benzenhoefer.

Tras varios incidentes procesales, la Recurrida presentó una *Demanda Enmendada* en la que incluyó como codemandados a los herederos de la fenecida Mary Beaty Benzenhoefer. Estos eran Matthew, Douglas y William Burch, tres hijos de un matrimonio anterior. Así, el 29 de enero de 2023, estos comparecieron al pleito mediante *Contestación a Demanda Enmendada*. No obstante, el 7 de septiembre de 2024, falleció el codemandado William Burch.

Así las cosas, los codemandados en el pleito de epígrafe, (en adelante, parte peticionaria) presentaron una *Moción Informativa Solicitud de Orden Conforme la Regla 22.1 de Procedimiento Civil* para notificar al TPI sobre el fallecimiento de William Burch, y solicitar que ordenara a la Recurrida incluir a los herederos del fenecido en el pleito. Además, solicitó la paralización de los procedimientos hasta que se cumpliera con dichos trámites.

El 3 de octubre de 2024, el TPI declaró *Ha Lugar* la moción de la parte peticionaria, y ordenó la paralización de los procedimientos por noventa (90) días, o hasta que la Recurrida enmendara la demanda para incluir a los herederos de William Burch.

Posteriormente y tras varios incidentes procesales, el 21 de octubre de 2024, la Recurrida presentó su *Tercera Demanda Enmendada*. En esta, sustituyó a William Burch por sus presuntos herederos, entre ellos sus hermanos Matthew y Douglas Burch, y por demandados de nombre desconocidos.

Así, el 28 de octubre de 2024, la parte peticionaria presentó una *Moción Conjunta en Oposición a "Tercera Demanda Enmendada" y a "Moción en Solicitud de Sustitución de Parte, Orden de Interpelación y Expedición de Emplazamientos por Edicto"*. En síntesis, alegó que no procedía que el TPI aceptara la *Tercera Demanda Enmendada* por no haberse acreditado si el padre de William Burch le había premuerto o continuaba con vida, pues, de ser así, este sería el único heredero conforme a derecho, y, por tanto, la única parte indispensable.

El 14 de noviembre de 2024, el TPI notificó mediante *Resolución* y *Orden*, que aceptaba la *Tercera Demanda Enmendada*, y ordenó que se expidieran los emplazamientos por edicto. En específico, sostuvo que, ante la incertidumbre en cuanto a los familiares pertenecientes a la sucesión de William Burch, procedía el emplazamiento por edicto a los posibles herederos desconocidos.

Inconforme, el 25 de noviembre de 2024, la parte peticionaria presentó ante este foro apelativo, un "*Certiorari Civil en Auxilio de Jurisdicción*", para que revisemos la *Resolución y*

*Orden* del 14 de noviembre de 2024, y plantea el siguiente señalamiento de error:

> Erró el Honorable Tribunal de Primera Instancia, Sala Superior de San Juan (Hon. Cristina Suau) al aceptar la Tercera Demanda Enmendada sobre sustitución de parte fallecida, así como al ordenar la continuación de los procedimientos y que se expidieran emplazamientos por edicto a pesar de que la Parte Demandante no realizó gestión razonable alguna conforme a derecho para acreditar quién o quiénes son las partes indispensables llamadas a sustituir al fenecido codemandado William P. Burch (QEPD) so pena de nulidad de la Sentencia que pueda emitirse en su día.

La Recurrida ha comparecido mediante escrito titulado "*Alegato en Oposición a Certiorari Civil en Auxilio de Jurisdicción*".

Hemos evaluado los escritos, conforme la normativa que rige, y estando el asunto perfeccionado para ser resuelto, aquí lo hacemos.

## II.

El auto de *certiorari* constituye un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. McNeil Healthcare v. Mun. Las Piedras I, 206 DPR 391 (2021); 800 Ponce de León v. AIG, 205 DPR 163 (2020); IG Builders et al. v. BBVAPR, 185 DPR 307 (2012); Pueblo v. Díaz de León, 176 DPR 913, 917 (2009); García v. Padró, 165 DPR 324, 334 (2005). La característica distintiva de este recurso se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. IG Builders et al. v. BBVAPR, *supra*. Dicha discreción es "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". 800 Ponce de León v. AIG*, supra,* Citibank et al. v. ACBI et al., 200 DPR 724 (2018); Medina Nazario v. McNeil

*Healthcare LLc*, 194 DPR 723, 729 (2016); IG Builders v. BBVAPR, *supra*, pág. 338.

Con el fin de que podamos ejercer de una manera sabia y prudente nuestra facultad discrecional de entender o no en los méritos de los asuntos que son planteados mediante el recurso *Certiorari*, nuestros oficios se encuentran enmarcados en el Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B que en su Regla 40 señala los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *Certiorari*. Torres Martínez v. Torres Ghigliotty, 175 DPR 83, 97 (2008). La referida regla dispone lo siguiente:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad, o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Los foros de instancia ostentan un alto grado de discreción en el manejo procesal de un caso. Meléndez Vega v. Caribbean Intl. News, 151 DPR 649, 664 (2000). Como es sabido, en nuestro ordenamiento jurídico impera la norma de que un tribunal apelativo sólo intervendrá con las determinaciones interlocutorias

discrecionales procesales del tribunal sentenciador cuando este último haya incurrido en arbitrariedad o en un craso abuso de discreción. García v. Asociación, 165 DPR 311 (2005); Meléndez Vega v. Caribbean Intl. News, *supra*, pág. 664; Lluch v. España Service Sta., 117 DPR 729 (1986); Valencia Ex Parte, 116 DPR 909 (1986). El adecuado ejercicio de discreción judicial está estrechamente relacionado con el concepto de razonabilidad. SLG Zapata-Rivera v. J.F. Montalvo, 189 DPR 414 (2013); Rivera Durán v. Banco Popular, 152 DPR 140, 155 (2000). Por ende, si no se encuentra presente en la petición ante nuestra consideración ninguno de los criterios antes transcritos y la actuación del foro primario "no está desprovista de base razonable ni perjudica derechos sustanciales de una parte, lo lógico es que prevalezca el criterio del juez de instancia a quien corresponde la dirección del proceso". Sierra v. Tribunal Superior, 81 DPR 554, 572 (1959).

## III.

Conforme el derecho aplicable, no encontramos razón por la que debamos intervenir en el presente caso. No se configura ninguna de las instancias contempladas en la Regla 52.1 de Procedimiento Civil, *supra,* y a la luz de los criterios establecidos en la Regla 40 de este tribunal, *supra,* que debemos evaluar, no encontramos justificación para intervenir.

El TPI sostuvo que, luego de ordenar la cooperación para que las partes brindaran información sobre los herederos, la Recurrida no obtuvo información sobre los descendientes o sobre el padre de William Burch. Así las cosas, el TPI ejerció su criterio, y determinó que era razonable que procediera el emplazamiento por edicto a los posibles herederos.

Por lo tanto, la determinación recurrida constituye una decisión dentro del claro ejercicio de discreción conferido a los tribunales de primera instancia y de su facultad de manejar los casos de la manera que entiendan más adecuada, conforme las normas de derecho aplicables y los hechos ante su consideración.

Además, concluimos que el TPI no actuó de forma arbitraria o caprichosa, ni se equivocó en la interpretación o aplicación de las normas procesales o de derecho al ejercer su poder discrecional de tomar las medidas protectoras que entendió necesarias, por lo que no se justifica nuestra intervención en este caso.

## IV.

Por lo fundamentos antes expuestos, **denegamos** la expedición del auto de *certiorari.*

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones